IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 31 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02152-BNB

CHRISTOPHER SCARVER,

    Plaintiff,

v.

KATHERINE SANGUINETTI,
DONA K. ZAVISLAN,
THIBADEAU,
TWILLEGER,
CECIL,
FLORES,
FOSTER, and
JOHN DOE 1-100,

    Defendants.

---

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

---

On October 18, 2005, Plaintiff Christopher Scarver filed with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff also submitted to the Court a *pro se* Prisoner Complaint on October 24, 2006. In the Motion, Mr. Scarver asserts, in response to Question Five on Page Two of the Motion, that

> [t]here is an element of great immanent [sic] danger of physical injury. The Plaintiff as well as the class of prisoners mentioned in the complaint have already suffered physical injury due to the unconstitutionally depraved conditions at

> the prisons mentioned which have exacerbated their mental illnesses causing unnecessary infliction of pain suffering resulting in suicidal ideation, suicide attempts and one known death through suicide within the past 2 months.

In the Complaint submitted to the Court on October 24, 2006, Mr. Scarver asserts violations of his Eighth Amendment rights and a deliberate indifference to his mental health needs in violation of the Americans with Disabilities Act.

On December 6, 2005, Magistrate Judge Boland directed Plaintiff to file an Amended Complaint and to clarify in the Amended Complaint what each named Defendant did to violate his constitutional rights. Mr. Scarver also was instructed to state how he had exhausted his administrative remedies with respect to each claim that he raised. On January 23, 2006, Plaintiff filed an Amended Complaint. Magistrate Judge Boland reviewed the Amended Complaint and determined that Plaintiff failed to assert personal participation by named Defendants in each of the asserted claims and that he failed to meet the pleading requirements of Fed. R. Civ. P. 8 or to state succinctly how he had exhausted each of the stated claims. Again on February 6, 2006, Magistrate Judge Boland directed Plaintiff to file a Second Amended Complaint and to assert personal participation and whether he had exhausted his administrative remedies as to each asserted claim. On March 3, Plaintiff filed a Second Amended Complaint.

Upon review of the Second Amended Complaint, Magistrate Judge Boland determined that none of the claims raised by Plaintiff indicate that he is in imminent danger of serious physical injury. On April 4, 2006, Magistrate Judge Boyd N. Boland, therefore, vacated the October 26, 2005, Order granting Mr. Scarver leave to proceed

pursuant to § 1915 and directed Plaintiff to show cause why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915, because he is sanctioned under § 1915(g). On May 2, 2006, Plaintiff filed a Response to Magistrate Judge Boland's April 4 Order. For the reasons stated below, the *in forma pauperis* Motion will be denied.

Plaintiff seeks leave to proceed without prepayment of fees or security therefor pursuant to § 1915. In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

As Magistrate Judge Boland noted in the Order to Show Cause, Plaintiff has filed more than three actions or appeals in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous, malicious, or for failure to state a claim. *See Scarver v. Trapp, et al.*, No. 02-cv-00411-WEC (E.D. Wis. Feb. 2, 2003) (dismissed for failure to state a claim); *Scarver v. Litscher, et al.*, No. 00-C-0711-C (W.D. Wis. Dec. 20, 2000) (*in forma pauperis* denied and counted as a strike); *Scarver v. Abrahamson, et al.*, No. 92-cv-01243-RTR (E.D. Wis. Feb. 9, 1993) (dismissed as frivolous).

Although Plaintiff titled the document he filed May 2, 2006, as a Motion, the Motion is a Response to Judge Boland's April 4 Order. In the Response, Plaintiff states

that his legal help told him that it would be best if he dropped the most important issue, because he is denied counsel and can not handle complex issues such as "psychiatry." (Resp. at 1.) Plaintiff also contends that he needs a diet that "won't disturb the mind." (Resp. at 1.) Plaintiff further contends that his claims are of an emergency nature. He claims that other inmates suffering from psychological disabilities have died because of inadequate psychological care.

Mr. Scarver also states that he is raising the religious claim in the Second Amended Complaint as "an alternative way to lessen the imminent danger without us having to try to litigate issues of psychiatry that only a professional expert witness can explain." (Resp. at 2.) Plaintiff further argues that an "amended complaint that includes the mental health issue would go over the limit of pages allowed." (Resp. at 2.)

The Court has reviewed with great detail Plaintiff's Second Amended Complaint, filed on March 3, 2006. Of the three claims that Plaintiff raises the only claim that he discusses in his Response is Claim One. The Court, therefore, finds Plaintiff does not argue that he asserts claims of imminent danger of serious physical injury in Claims Two and Three. As for Claim One in the Second Amended Complaint and Plaintiff's argument in the Response that Claim One in fact sets forth claims of imminent danger, the Court finds otherwise.

Plaintiff's attempt to rationalize why he decided to abandon his claim of mental health needs and to assert only free exercise of religion claims is without merit. Either Plaintiff has a mental health claim or he does not. There is no indication in Claim One of the Second Amended Complaint that Plaintiff is suffering imminent danger. The only statement that relates to Plaintiff's diet and his concern for his mental well being is that

4

the food he is served is "toxic, causing physical and mental disorder and disturbance." (Second Am. Compl. at 4.) Nothing Plaintiff asserts on Pages Four through Seven of the Second Amended Complaint indicate that Plaintiff is in imminent danger. Claim One also is described by Plaintiff on Page Four of the Second Amended Complaint as challenging the violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments. Plaintiff states specifically in Claim One that his rights are being violated pursuant to the Freedom of Religion Restoration Act. Under the Supporting Facts section of Claim One, Plaintiff asserts that he is being denied the ability to practice his religion, not only because of diet issues, but because he is denied Ayurvedic spices, a turban, religious books, and prayer beads. If as Plaintiff states his mental health or "psychiatric" claim is the most important claim then he should not have abandoned the claim in the Second Amended forsake.

As for Plaintiff's "Motion for Clarity," filed May 17, 2006, the Motion simply is an additional attempt to circumvent sanctions under § 1915(g). Plaintiff has been given two opportunities to amend the Complaint. Again, Plaintiff should not have abandoned his mental health claim if that claim is so important.

Therefore, the *in forma pauperis* Motion will be denied. If Plaintiff wishes to pursue his claims in this action, he must pay the $250.00 filing fee pursuant to 28 U.S.C. § 1914(a). Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is denied. It is

FURTHER ORDERED that Plaintiff shall have **thirty days from the date of this Order** to pay the entire $250.00 filing fee, of which a balance of $221.75 is owed, if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that if Plaintiff fails to pay the entire $250.00 filing fee within the time allowed, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's "Motion to Put Case on Hold," filed May 2, 2006, is denied. It is

FURTHER ORDERED that the Clerk of the Court is directed to send to Plaintiff a current copy of the Docket in the instant case showing the entry on the Docket of Receipt No. 100 265883 for the amount of $5.00. It is

FURTHER ORDERED that Plaintiff's Motion to Clarify, filed May 2, 2006, is DENIED as moot.

DATED at Denver, Colorado, this 30 day of May, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02152-BNB

Christopher Scarver
Prisoner No. 117801
Colorado State Penitentiary
PO Box 777 – B-1-22
Canon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER and a current copy of the Docket Sheet for case no. 05-cv-02152-BNB** to the above-named individuals on \_\_\_\_\_ 5.31.06

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk