IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02152-BNB

CHRISTOPHER SCARVER,

    Plaintiff,

v.

KATHERINE SANGUINETTI,
DONA K. ZAVISLAN,
THIBADEAU,
TWILLEGER,
CECIL,
FLORES,
FOSTER, and
JOHN DOE 1-100,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 28 2006

GREGORY C. LANGHAM
CLERK

## ORDER DISMISSING CASE

On June 19, 2006, Plaintiff Christopher Scarver filed a "Motion to Voluntarily Dismiss this Case." In the Motion, Mr. Scarver requests that the Court dismiss the instant action because he is not able to pay the full $250.00 filing fee. Plaintiff also filed a "Motion for Refund of Prior Payments Toward the Filining [sic] Fee for Case to go Forward," requesting that the $23.25 that he has paid to the Court, as partial payment of the $250.00 filing fee, be returned to him because he paid the monies in belief that he would be afforded a trial.

The Court must construe the Motion to Voluntarily Dismiss this Case liberally, because Mr. Scarver is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, the Court

will construe the Motion as a Notice of Voluntary Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1) and dismiss the action.

Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment . . . ." No answer has been filed by Defendants in this action.

Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) ($2^d$ ed. 1995); **Hyde Constr. Co. v. Koehring Co.**, 388 F.2d 501, 507 (10th Cir. 1968). The Notice, therefore, closes the file as of June 19, 2006. *See Hyde Constr. Co.*, 388 F.2d at 507.

As for the return of the $23.25, the Court proceeded to review the merits of Plaintiff's claims based on Plaintiff's claim of imminent danger. Plaintiff elected to amend the Complaint and abandon any claim of imminent danger. Without a claim of imminent danger Plaintiff is subject to 28 U.S.C. § 1915(g) restrictions. The return of the $23.25, therefore, is inappropriate.

As for Plaintiff's claim that the money should be returned because he paid the monies in belief that he would be afforded a trial the claim is without legal basis. Plaintiff is not guaranteed a trial simply because he files an action and is paying a filing fee in installments. Accordingly, it is

ORDERED that the Motion is construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a)(1). It is

FURTHER ORDERED that the voluntary dismissal is without prejudice and is effective as of June 19, 2006, the date Mr. Scarver filed the Notice in the action. It is

FURTHER ORDERED that judgment is entered in favor of Defendants and against Plaintiff. It is

FURTHER ORDERED that Plaintiff's Motion for Refund of Prior Payments, filed June 19, 2006, is denied.

DATED at Denver, Colorado, this 27 day of June, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02152-BNB

Christopher Scarver
Prisoner No. 117801
Colorado State Penitentiary
PO Box 777 – B-1-22
Canon City, CO 81215- 0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6-28-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk